# EXHIBIT 1

1     The Honorable Ronald Kessler

2

3

4

5

6     RECEIVED

7     DEC 1 5 2003

8     FLOYD & PFLUEGER, P.S.

9          SUPERIOR COURT OF THE STATE OF WASHINGTON

10             IN AND FOR THE COUNTY OF KING

11

12  MEADOW VALLEY OWNERS              )  No: 03-2-33931-8 KNT
    ASSOCIATION, a Washington nonprofit )
13  corporation,                      )  **PLAINTIFF'S FIRST AMENDED**
                                      )  **COMPLAINT FOR:**
14                      Plaintiff,     )
                                      )  **(1) BREACH OF IMPLIED WARRANTY;**
15  v.                                )  **(2) BREACH OF IMPLIED WARRANTY**
                                      )      **OF HABITABILITY;**
16  MEADOW VALLEY, L.L.C., a Washington )  **(3) BREACH OF CONTRACT AND**
    limited liability company; ROGER and JANE )  **EXPRESS WARRANTY;**
17  DOE HEBERT, individually and their marital )  **(4) VIOLATION OF THE UNIFORM**
    community; and DOES 1 through 50, )      **FRAUDULENT TRANSFER ACT;**
18                                    )  **(5) MAKING OR ACCEPTING**
                        Defendants.    )      **UNLAWFUL DISTRIBUTIONS;**
19                                    )  **(6) BREACH OF FIDUCIARY DUTY;**
    _____ )  **(7) VIOLATION OF THE CONSUMER**
20                                         **PROTECTION ACT;**
                                           **(8) INJUNCTIVE RELIEF RE:**
21                                             **TURNOVER AND DELIVERY OF**
                                               **RCW 64.34.312(1) DOCUMENTS AND**
22                                             **FOR DAMAGES; AND**
                                           **(9) COLLECTION OF DELINQUENT**
23                                             **CONDOMINIUM ASSESSMENTS**

24        Meadow Valley Owners Association (the "Association") hereby asserts the following

25  claims:

26

PLAINTIFF'S FIRST                    Levin & Stein          &   Law Offices of James L. Strichartz
AMENDED COMPLAINT- 1                 200 W. Mercer Street, Suite 511   200 W. Mercer Street, Suite 511
                                     Seattle, Washington 98119   Seattle, Washington 98119
                                     Telephone (206) 521-8612   Telephone (206) 282-8020
                                     Fax (206) 521-8614   Fax (206) 282-5041



1

## PARTIES

2     1.     Pursuant to a Declaration and Covenants, Conditions, Restrictions and Reservations

3  for Meadow Valley Owners Association (the "Declaration"), the Association, a Washington

4  nonprofit corporation, was established under the Washington Condominium Act, RCW 64.34.300,

5  as the association for the Meadow Valley Condominium development. Pursuant to the Declaration,

6  the Association has the duty to maintain, repair, replace and restore all of the common elements and

7  Association property located in and on the condominium development commonly known as Meadow

8  Valley Condominium and located in King County, Washington (the "Project"), and has the duty to

9  repair, replace and restore damage to the Project.

10     2.     Pursuant to RCW 64.34.304(1)(d), the Association has the right to institute litigation

11  "in its own name on behalf of itself or two or more unit owners on matters affecting the

12  condominium." The Association is instituting this action pursuant to that statute, on behalf of itself

13  and all of the unit owners with respect to matters affecting the condominium.

14     3.     Meadow Valley, L.L.C. is a Washington limited liability company doing business

15  and residing in King County, Washington. Meadow Valley, L.L.C. is the named Declarant for the

16  Project.

17     4.     The Association is informed and believes, and on that basis alleges, that Roger

18  Hebert ("Hebert") and Jane Doe Hebert are husband and wife; that at all time relevant hereto, Hebert

19  was a member, officer, director, manager and/or shareholder of Meadow Valley, L.L.C.; and that all

20  acts alleged herein to have been done by Hebert were done on behalf of, and for the benefit their

21  marital community.

22     5.     The true names and capacities of the Defendants named herein as Does 1 through 50,

23  inclusive, are unknown to the Association. The Association will amend this Complaint to insert the

24  correct names and capacities of said Defendants when they have been ascertained.

25     6.     The Association is informed and believes, and on that basis alleges, that Does 1

26  through 10 are members in Meadow Valley, L.L.C., and/or have an ownership interest in Meadow

Valley, LLC and/or the Project.  Does 1 through 10 shall be referred to collectively as the

Levin & Stein                    &   Law Offices of James L. Strichartz
200 W. Mercer Street, Suite 511      200 W. Mercer Street, Suite 511
Seattle, Washington 98119            Seattle, Washington 98119
Telephone (206) 521-8612             Telephone (206) 282-8020
Fax (206) 521-8614                   Fax (206) 282-5041

1 | "Members"

2    7.    The Association is informed and believes, and on that basis alleges, that Does 11

3 through 25 are officers, directors, shareholders and/or members of those Members that are not

4 individuals and control those entities.

5    8.    The Association is informed and believes, and on that basis alleges, that at all times

6 relevant hereto Hebert, the Members and Does 11 through 25 acted in concert with Meadow Valley,

7 L.L.C. in executing the Project's Declaration and/or in reserving, succeeding to and/or possessing

8 special declarant rights, making Hebert, the Members and Does 11 through 25 declarants of the

9 Project pursuant to RCW 64.34.020(13) and/or (29) and *One Pac. Towers Homeowners' Ass'n v.*

10 *HAL Real Estate Inv., Inc.*, 148 Wn.2d 319, 61 P.3d 1094, (2002).

11    9.    The Association is informed and believes, and on that basis alleges, that Hebert, the

12 Members and/or Does 11-25 are alter egos of Meadow Valley, L.L.C. for each and all of the

13 following reasons:

14    1.    They have commingled funds and other assets;

15    2.    They have failed to segregate funds of the allegedly separate entities;

16    3.    They have transferred funds between themselves with no substantial business

17        justification;

18    4.    They have allowed the staff and other assets of one or more of them to be

19        used by one or more of the other alter egos without adequately compensating

20        the other alter ego whose staff and other assets have been used;

21    5.    Each alter ego defendant treated the assets of the other alter ego defendants

22        as its own;

23    6.    The alter ego corporations failed to maintain proper or adequate corporate

24        records;

25    7.    The equitable ownership of the alter ego corporations was in the same entity

26        or individual;

    8.    There was a similarly in the officers, directors and supervising employees of

PLAINTIFF'S FIRST
AMENDED COMPLAINT- 3

the alter ego corporations;

9.    Each alter ego entity was not adequately capitalized;

10.    There is an absence of substantial assets in each alter ego entity;

11.    The alter ego corporations were shells, instruments or conduits for the conduct of a single venture or business;

12.    The alter ego defendants failed to maintain arms' length relationships with each other; and

13.    It would be unjust and inequitable to allow the alter ego Defendants to use their purported separate status as a shield to insulate them from liability for the obligations of the Meadow Valley, L.L.C.

10.    Hereinafter Meadow Valley, L.L.C., Hebert, the Members and Does 11 through 25 shall be referred to collectively as the "Developer Defendants".

11.    Does 26 through 50 are believed to be contractors and/or subcontractors that supplied, installed and/or constructed portions of the Project.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this matter because the property damage, defective work occurred and the contracts were entered into or were performed within the State of Washington.

13.    Venue is proper as the Developer Defendants transact business in and/or have their principal place of business in and/or reside in King County, Washington.

## FIRST CLAIM - AGAINST THE DEVELOPER DEFENDANTS
## FOR BREACH OF IMPLIED WARRANTY

14.    The Association incorporates herein by reference paragraphs 1 through 13, inclusive, of this Complaint.

15.    Pursuant to Section 64.34.445 of the Washington Condominium Act, the Developer Defendants impliedly warranted that the units and common elements in the Project were suitable for the ordinary uses of real estate of its type, and that the improvements made or contracted for by the

PLAINTIFF'S FIRST
AMENDED COMPLAINT- 4

1  Developer Defendants were free from defective materials and were constructed in accordance with

2  sound engineering and construction standards, and in a workmanlike manner in compliance with

3  the then applicable law.

4       16.     The Developer Defendants breached their implied warranties in that there are a

5  variety of building envelope, structural, fire-safety and architectural defects and other defects or

6  deficiencies in Meadow Valley's building components and/or their installation, which include, but

7  are not limited to, the defects described in Pacific Engineering Technologies' report dated September

8  3, 2003, and entitled, "Building Envelope Investigation Meadow Valley Condominiums"; Studio

9  Meng Strazzara's interior architectural report dated September 3, 2003, and entitled, "Preliminary

10 Bullet-Point Report"; Pacific Engineering Technologies' report dated October 2, 2003, and entitled,

11 "Supplemental Review of Sheathing of Endwall Roof Trusses Meadow Valley Condominiums"; and

12 Studio Meng Strazzara's interior architectural report dated October 6, 2003, and entitled,

13 "Architectural Investigation Report"; the Summary of Meadow Valley homeowners' responses to

14 a construction defect survey; and the Summary of Meadow Valley homeowners' comments in

15 response to a construction defect survey, all of which have previously been provided to the above-

16 named Defendants.

       In addition, the Association is informed and believes, and on that basis alleges, that there are

17 other elements of the Project which are defective or defectively designed and/or installed and which

18 may be revealed as a result of additional investigation. .

19      17.     As a consequence of the defects described above and in the above-referenced reports

20 and summaries, there has been water intrusion into and through the building envelope, exterior and

21 interior building surfaces have deteriorated prematurely, and various building components and other

22 property have been physically damaged, and their useful lives shortened.

23      18.     As a direct and proximate result of the Developer Defendants' conduct, the

24 Association and its unit owners have been damaged in an amount to be proven at trial. Such damages

25 include, among other things, the cost of repairing the damage to the Project caused by the defective

26 design, workmanship and materials, the cost of correcting defective conditions, including

Levin & Stein          &   Law Offices of James L. Strichartz
200 W. Mercer Street, Suite 511     200 W. Mercer Street, Suite 511
Seattle, Washington  98119          Seattle, Washington  98119
Telephone  (206) 521-8612           Telephone  (206) 282-8020
Fax  (206) 521-8614                 Fax  (206) 282-5041

1    investigative costs and repair scope development costs, and the loss of use of the units and common

2    areas, and loss of marketability of the units.

3        19.    Pursuant to RCW 64.34.455, and pursuant to the sales agreement used by the

4    Developer Defendants, the Association is entitled to its reasonable attorneys' fees incurred in

5    prosecuting this action.

6        **SECOND CLAIM - AGAINST THE DEVELOPER DEFENDANTS**

7        **FOR BREACH OF IMPLIED WARRANTY OF HABITABILITY**

8        20.    The Association incorporates herein by reference paragraphs 1 through 19, inclusive,

9    of this Complaint.

10        21.    Under Washington law, the Developer Defendants impliedly warranted that the units

11    and the common elements of the Project were habitable.

12        22.    The Developer Defendants breached this implied warranty of habitability in that the

13    defects set forth above in Paragraph 16 and in the reports and summaries referenced therein are

14    serious and substantial, and severely restrict the habitability of the units in the Project.

15        23.    As a direct and proximate result of the Developer Defendants' conduct, the

16    Association and its unit owners have been damaged in an amount to be proven at trial. Such damages

17    include, among other things, the cost of repairing the damage to the Project caused by the defective

18    design, workmanship and materials, the cost of correcting defective conditions, including

19    investigative costs and repair scope development costs, and the loss of use and marketability of the

20    units.

21        24.    Pursuant to the Sales Agreement used by the Developer Defendants, the Association

22    is entitled to its reasonable attorneys' fees incurred in prosecuting this action.

23        **THIRD  CLAIM - AGAINST DOES 26 THROUGH 50**

24        **FOR BREACH OF EXPRESS WARRANTY AND CONTRACT**

25        25.    The Association incorporates herein by reference paragraphs 1 through 24, inclusive,

26    of this Complaint.

27        26.    Does 26 through 50 are believed to have supplied, installed and/or constructed

PLAINTIFF'S FIRST
AMENDED COMPLAINT- 6

1  portions of the Project.  Does 26 through 50 are believed to have warranted in writing their work to

2  be free from defects.

3       27.    The Association is either the assignee of the warranties made by Does 26 through 50,

4  or the Association is a third party beneficiary of the warranties made by Does 26 through 50 and of

5  the contracts pursuant to which Does 26 through 50 performed their work at the Project.

6       28.    As set forth above, Does 26 through 50 have breached their contracts and warranties.

7  As a direct and proximate result of Does 26 through 50's conduct, the Association and its unit owners

8  have been damaged in an amount to be proven at trial.  Such damages, include, among other things,

9  the cost of repairing the damage to the property caused by the defective design workmanship, the

10  cost of correcting defective conditions, including investigative costs and repair scope development

11  costs, and the loss of use and marketability of the units.

12  **FOURTH CLAIM - AGAINST DEVELOPER DEFENDANTS FOR**

13  **VIOLATION OF THE UNIFORM FRAUDULENT TRANSFER ACT**

14       29.    The Association incorporates herein by reference paragraphs 1 through 28, inclusive,

15  of this Complaint.

16       30.    The Association is informed and believes, and on that basis alleges, that the

17  Developer Defendants have engaged in fraudulent conveyances within the meaning of the Uniform

18  Fraudulent Transfer Act in that they have transferred assets from the Meadow Valley, L.L.C.  to

19  Hebert, the Members and/or to Does 11 through 25:

20       a.    With actual intent to hinder, delay, or defraud their creditors; or

21       b.    Without receiving a reasonably equivalent value in exchange for the transfer

22  or obligation, and Meadow Valley, L.L.C.:  (i) Was engaged or was about to engage in a business

23  or a transaction for which the remaining assets of Meadow Valley, L.L.C. were unreasonably small

24  in relation to the business or transaction; or  (ii) Intended to incur, or believed or reasonably should

25  have believed that Meadow Valley, L.L.C. would incur, debts beyond its ability to pay as they

26  became due; or

27       c.    The transfers were made or the obligations were incurred without receiving

PLAINTIFF'S FIRST
AMENDED COMPLAINT- 7

Levin & Stein                    &    Law Offices of James L. Strichartz
200 W. Mercer Street, Suite 511           200 W. Mercer Street, Suite 511
Seattle, Washington 98119                 Seattle, Washington 98119
Telephone (206) 521-8612                  Telephone (206) 282-8020
Fax (206) 521-8614                        Fax (206) 282-5041

1  a reasonably equivalent value in exchange for the transfer or obligation and Meadow Valley, L.L.C.

2  was insolvent at that time or Meadow Valley, L.L.C. became insolvent as a result of the transfer or

3  obligation; or

4          d.     The transfer was made to an insider (as defined in the Uniform Fraudulent

5  Transfer Act) for an antecedent debt, Meadow Valley, L.L.C. was insolvent at that time, and the

6  insider had reasonable cause to believe that Meadow Valley, L.L.C. was insolvent.

7         31.     As a result of the fraudulent conveyance, the Association is entitled to all of the

8  remedies set forth in RCW 19.40.071 and 19.40.081, including but not limited to:

9          a.     Avoidance of the transfer or obligation to the extent necessary to satisfy the

10  Association's claim; and

11          b.     An injunction against further disposition by Meadow Valley, L.L.C. and/or

12  the remaining Developer Defendants of the assets transferred or of other property.

**FIFTH CLAIM - AGAINST THE DEVELOPER DEFENDANTS**

**TO SET ASIDE IMPROPER DISTRIBUTIONS**

13

14

15         32.     The Association incorporates herein by reference paragraphs 1 through 31, inclusive,

of this Complaint.

16

17         33.     The Association is informed and believes, and on that basis alleges, that Meadow

18  Valley, L.L.C. has made distributions to its members in violation of RCW 25.15.235 in that, after

19  giving effect to the distribution, Meadow Valley, L.L.C. cannot pay its debts as they become due in

20  the usual course of business, or all liabilities of Meadow Valley, L.L.C., other than liabilities to

21  members on account of their limited liability company interests and liabilities for which the recourse

22  of creditors is limited to specified property of Meadow Valley, L.L.C., exceed the fair market value

of the assets of Meadow Valley, L.L.C.

23         34.     The Association is informed and believes, and on that basis alleges, that the

24  remaining Developer Defendants and each of them, knew at the time the distribution was made to

25  them that the distribution violated RCW 25.15.235(1).

26         35.     The Association is a creditor of the Meadow Valley, L.L.C. and asserts this claim in

PLAINTIFF'S FIRST
AMENDED COMPLAINT- 8

Levin & Stein
200 W. Mercer Street, Suite 511
Seattle, Washington 98119
Telephone (206) 521-8612
Fax (206) 521-8614

&

Law Offices of James L. Strichartz
200 W. Mercer Street, Suite 511
Seattle, Washington 98119
Telephone (206) 282-8020
Fax (206) 282-5041

1    the name of Meadow Valley, L.L.C. to recover all assets of Meadow Valley, L.L.C. distributed to

2    the remaining Developer Defendants in violation of RCW 25.15.235.

3    **SIXTH CLAIM -- AGAINST THE DEVELOPER DEFENDANTS**

4    **FOR BREACH OF FIDUCIARY DUTY**

5        36.    The Association incorporates herein by reference paragraphs 1 through 35, inclusive,

6    of this Complaint.

7        37.    Pursuant to the Declaration and the Washington Condominium Act, the Association

8    has the responsibility to maintain, repair and replace the common elements and the duty to repair,

9    replace and restore damage to the Project.

10       38.    For a period of time the Developer Defendants controlled the Association and,

11   therefore, had the duty to cause the Association to act in a reasonable and prudent manner and in the

12   best interests of the Association and the unit owners. The Association is informed and believes, and

13   on that basis alleges, that the Developer Defendants breached their fiduciary duty by acts or

14   omissions, including, but not limited to, the following: a) failing to disclose the existence of defects

15   within the Project to the Association; b) failing to cause Meadow Valley, L.L.C. to correct these

16   defects to the Project or to fund the cost of the repair and remediation; c) making a series of improper

17   distributions to the detriment of the Association or otherwise draining the assets from the Meadow

18   Valley, L.L.C.; d) failing to disclose to the Association such distributions or plan to make such

19   distributions or to drain the assets from Meadow Valley, L.L.C.; e) failing to provide adequate

20   reserves in the Association's budget for the correction of defective conditions and the repair and/or

21   replacement of the defective portions of the Project; f) failing to comply with RCW 64.34.312; and

22   g) failing to pay assessments for declarant-owned units to the Association.

23       39.    As a direct and proximate result of the Developer Defendants' conduct, the

24   Association has been damaged in an amount to be proven at trial. Such damages include, among

25   other things, the cost of correcting the defective conditions and/or repairing the damage to the Project

26   caused by the defective design workmanship and materials, including investigative costs and repair

     scope development costs, and the loss of use and marketability of the units.

PLAINTIFF'S FIRST
AMENDED COMPLAINT- 9

Levin & Stein          &    Law Offices of James L. Strichartz
200 W. Mercer Street, Suite 511    200 W. Mercer Street, Suite 511
Seattle, Washington 98119          Seattle, Washington 98119
Telephone (206) 521-8612           Telephone (206) 282-8020
Fax (206) 521-8614                 Fax (206) 282-5041

40.    Pursuant to RCW 64.34.455, and pursuant to Developer Defendants' sales agreement, the Association is entitled to its reasonable attorneys' fees incurred in prosecuting this action.

## SEVENTH CLAIM AGAINST THE DEVELOPER DEFENDANTS
## FOR VIOLATION OF THE CONSUMER PROTECTION ACT

41.    The Association incorporates herein by reference paragraphs 1 through 40, inclusive, of this Complaint.

42.    The Association is informed and believes, and on that basis alleges, that the Developer Defendants made a series of distributions or other transfers to its members or others to the detriment of Developer Defendants' creditors and purchasers of Project units; failed to disclose such distributions or plan to make such distributions to creditors or purchasers of Project units; and failed to disclose the existence of defects within the Project while the units were being marketed and sold, which had the capacity to deceive members of the public at large.

43.    As a direct and proximate result of the Developer Defendants' conduct, the Association and individual unit purchasers have been damaged in an amount to be proven at trial. Such damages include, among other things, the cost of repairing the defects that exist at Project and the damage caused by the defective workmanship and materials and related costs, the cost of correcting defective conditions and related costs, including investigative costs and repair scope development costs, the loss of use and marketability of the units, and the difference between the value of the units as represented by Developer Defendants, and the actual value of the units.

44.    Pursuant to RCW 19.86.090, the Association and each of the purchasers of units from the Developer Defendants are entitled to recover their actual damages, attorneys' fees and costs, as well as treble damages not exceeding $10,000 per violation.

## EIGHTH CLAIM - AGAINST THE DEVELOPER DEFENDANTS
## INJUNCTIVE RELIEF RE:  TURNOVER AND DELIVERY
## OF RCW 64.34.312(1) DOCUMENTS AND FOR DAMAGES

45.    The Association incorporates herein by reference paragraphs 1 through 44, inclusive,

**Levin & Stein**         &    **Law Offices of James L. Strichartz**
200 W. Mercer Street, Suite 511        200 W. Mercer Street, Suite 511
Seattle, Washington  98119        Seattle, Washington  98119
Telephone (206) 521-8612        Telephone (206) 282-8020
Fax (206) 521-8614        Fax (206) 282-5041

of this Complaint.

46. More than sixty days have elapsed since the Developer Defendants terminated declarant control of the Association.

47. More than sixty days have elapsed since the date of the first conveyance of any unit in the Project by the Developer Defendants.

48. The Association has made demands upon the known Developer Defendants for turnover and delivery of all documents, books and records specified in RCW 64.34.312(1), incorporated herein by reference.

49. Despite due demand having been made by the Association on several occasions, and acknowledgments thereof by the Developer Defendants, said Defendants have failed to turnover and deliver to the Association the following documents, books and records:

(a) The minute books, including all minutes, and other books and records of the Association, as required under RCW 64.34.312(1)(d). While the Association did receive copies of meeting minutes from July 2001, inclusive, onward, it has not received any of the other documentation required to be provided to the Association under RCW 64.34.312(1)(d).

(b) The financial records, including canceled checks, bank statements, and financial statements of the Association, and source documents from the time of the incorporation of the Association through the date of transfer of declarant control to the unit owners, as required under RCW 64.34.312(1)(g). Although the Association received copies of Financial Statements for December 2001, January 2002 and February 2002, and 2000 and 2001 nominal budgets, it has not received any of the other documentation required under this subsection.

(c) Except for alterations to a unit done by a unit owner other than the declarant, a copy of the declarant's plans and specifications utilized in the construction or remodeling of the condominium, with a certificate of the declarant or a licensed architect or engineer that the plans and specifications represent, to the best of their knowledge and belief, the actual plans and specifications utilized by the declarant in the construction or remodeling of the condominium, as required under

PLAINTIFF'S FIRST
AMENDED COMPLAINT- 11

Levin & Stein          &   Law Offices of James L. Strichartz
200 W. Mercer Street, Suite 511   200 W. Mercer Street, Suite 511
Seattle, Washington 98119    Seattle, Washington 98119
Telephone (206) 521-8612    Telephone (206) 282-8020
Fax (206) 521-8614         Fax (206) 282-5041

1   RCW 64.34.312(1)(j).

2        (d) Copies of any certificates of occupancy that may have been issued for the condominium;

3   as required under RCW 64.34.312(1)(l).

4        (e) All written warranties that are still in effect for the common elements, or any other areas

5   or facilities which the association has the responsibility to maintain and repair, from the contractor,

6   subcontractors, suppliers, and manufacturers and all owners' manuals or instructions furnished to the

7   declarant with respect to installed equipment or building systems; as required under RCW

8   64.34.312(1)(n).

9        50.    In furtherance of obtaining the benefits accorded the Association under RCW

10  64.34.312(1), the Association is entitled to an order compelling the Developer Defendants to

11  turnover and deliver the Paragraph (49) documents, books and records. The Association is entitled

12  to a Permanent Injunction under Chapter 7.40 RCW, either under judgment or pre-judgment order,

13  ordering the Developer Defendants to turnover and deliver the Paragraph (49) documents, books and

14  records. The Association is entitled to enforce said Permanent Injunction through the contempt

15  proceedings provided under RCW 7.40.150 and Chapter 7.21 RCW.

16       51.    As a direct and proximate result of the Developer Defendants' conduct as alleged in

17  Paragraphs (45) through (49) herein, the Association and individual unit purchasers have been

18  damaged in an amount to be proven at trial. Such damages include, but are not limited to, the costs

19  and attorneys' fees incurred in attempting to obtain the Developer Defendants' compliance with

20  RCW 64.34.312(1) prior to instituting this litigation, and the costs and attorneys' fees incurred in

21  searching for, locating and recreating from third party sources, as applicable, the subject documents,

22  books and records enumerated in Paragraph (49) herein should Developer Defendants fail to turnover

23  and deliver said documents, books and records.

24       52.    In addition to the damages specified in Paragraph (51) herein, the Association is

25  entitled to an award of its attorneys' fees incurred in attempting to obtain the documents, books and

26

PLAINTIFF'S FIRST
AMENDED COMPLAINT- 12

Levin & Stein          &    Law Offices of James L. Strichartz
200 W. Mercer Street, Suite 511    200 W. Mercer Street, Suite 511
Seattle, Washington 98119          Seattle, Washington 98119
Telephone (206) 521-8612           Telephone (206) 282-8020
Fax (206) 521-8614                 Fax (206) 282-5041

1    records described in Paragraph (49) herein, as provided under RCW 64.34.455.

2    ## NINTH CLAIM - AGAINST THE DEVELOPER DEFENDANTS

3    ## FOR COLLECTION OF DELINQUENT CONDOMINIUM ASSESSMENTS

4
5    53.    The Association incorporates herein by reference paragraphs 1 through 52,

6    inclusive, of this Complaint.

7    54.    Developer Defendants, or one or some of them, were the legal owners of all units at

8    Meadow Valley Condominium prior to the first initial sale of any particular unit to a third party.

9    55.    During their period of legal ownership of any one condominium unit, Developer

10   Defendants, or one or some of them, were, and are, obligated to pay a proportionate share of the

11   common expenses of the Project, levied as regular or special assessments by the Board against the

12   particular unit owned, pursuant to RCW 64.34.364(12) and the Declaration.

13   56.    The first assessment made to any unit was March 1, 2000. Beginning on said date,

14   as provided under RCW 64.34.360(1), all units were required to be assessed, based on the budget

15   adopted by the Association.

16   57.    The Association was under Declarant control (*i.e.,* Developer Defendants'

17   control) until June 2001.

18
19   58.    The first non-Developer Defendants Board members were elected in June 2001.

20   59.    Since the date of the first sale of any unit to a third party, the Developer Defendants,

21   or one or some of them, have, in incremental transactions over time, sold and conveyed their

22   interests in all of the remaining units at Meadow Valley Condominium to third parties.

23   60.    The Association commissioned an independent auditor to conduct a routine audit and

24   investigation of the Developer Defendants' financial management of the Association during its

25   period of control, based on examination of various financial documents produced by the Developer

26   Defendants to the Association.

Levin & Stein                    &    Law Offices of James L. Strichartz
200 W. Mercer Street, Suite 511       200 W. Mercer Street, Suite 511
Seattle, Washington  98119            Seattle, Washington  98119
Telephone  (206) 521-8612             Telephone  (206) 282-8020
Fax  (206) 521-8614                   Fax  (206) 282-5041

61.    The audit referenced in Paragraph (60) herein was commissioned pursuant to RCW 64.34.312(2), which provides that the purpose of said audit shall be to, among other things, "determine if the declarant was charged for and paid the proper amount of assessments."

62.    The audit referenced in Paragraph (60) concluded, and the Association hereby alleges, that from March 1, 2000 (the date of first assessment to any unit) through to the date of first sale of each unit held by the Developer Defendants, or one of some of them, (Declarants), the Developer Defendants-controlled Board under-assessed the Developer Defendants, or one or some of them, owned units, by assessing based not on the budget purportedly in effect for years 2000 and 2001, but based on the Declarants' (Developer Defendants) actual operating costs.

63.    The audit referenced in Paragraph (60) concluded, and the Association hereby alleges, that during the period of Developer Defendants control, there was no allocation of any assessment revenues towards any reserve fund for future major repairs and replacements, and the assessment revenue provided for in the budget actually prepared for years 2000 and 2001 by Developer Defendants was, in fact, less than the actual assessment revenue received.

64.    As of the date of this Complaint, Developer Defendants are delinquent in the payment of the following amounts, being the aggregate of the difference between the amounts that should have been assessed against each Developer Defendants, or one of some of them, -owned unit during the period of Developer Defendants, or one or some of them, ownership and the amount actually paid by Developer Defendants, or one or some of them,:

(a)  Total of unpaid monthly assessments for year 2000:        $58,009.89

(b). Total of unpaid monthly assessments for year 2001:        $20,549.30

65.    Developer Defendants, or one or some of them, paid several items from its/their own funds that should have been included as part of the Association's budget during fiscal years 2000 and 2001, in the sum total of $52,629.51.

66.    After credit of the amounts advanced by Developer Defendants, or one or some of

Levin & Stein                &    Law Offices of James L. Strichartz
200 W. Mercer Street, Suite 511        200 W. Mercer Street, Suite 511
Seattle, Washington 98119         Seattle, Washington 98119
Telephone (206) 521-8612          Telephone (206) 282-8020
Fax (206) 521-8614                Fax (206) 282-5041

them, referenced in Paragraph (65) herein ($52,629.51) against the amounts owed the Association as referenced in Paragraph (64) herein $78,559.19, the net total still owed the Association for unpaid assessments on Developer Defendants, or one or some of them, -owned units is $25,929.68.

67.     Despite due demand, Developer Defendants have failed and refused to pay the delinquent amounts due on their accounts as described in Paragraph (66) herein.

68.     The Association is entitled to 12% prejudgment interest on the unpaid assessments described in Paragraph (64) herein.

69.     The Association has been and will be required to incur attorney's fees and costs in collecting the delinquent assessments owed by Developer Defendants. Under the terms of the Declaration and RCW 64.34.364 and RCW 64.34.455, the Association is entitled to collect its costs, including reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgement as follows:

1.     Against the Developer Defendants collectively, and each of them, for damages according to proof for:

    a.     Breach of implied warranties;

    b.     Breach of the implied warranty of habitability;

    c.     Breach of fiduciary duty;

    d.     Violation of the Consumer Protection Act, including the greater of treble damages or $10,000 for each of the individual purchasers from the Developer Defendants of units in the condominium and the Association's attorneys' fees and costs;

    e.     Avoidance of all fraudulent transfers or obligation to the extent necessary to

PLAINTIFF'S FIRST
AMENDED COMPLAINT- 15

Levin & Stein          &    Law Offices of James L. Strichartz
200 W. Mercer Street, Suite 511          200 W. Mercer Street, Suite 511
Seattle, Washington 98119          Seattle, Washington 98119
Telephone (206) 521-8612          Telephone (206) 282-8020
Fax (206) 521-8614          Fax (206) 282-5041

satisfy the Association's claim;

     f.     An injunction against further disposition by the Developer Defendants of the assets transferred or of other property;

     g.     For avoidance of all distributions that violate RCW 25.15.235;

     h.  Failure to turnover and deliver those documents, books and records required under RCW 64.34.312(1);

     i.  Unpaid assessments in the amount of $25,929.68;

     j.  Prejudgment interest at 12% per annum on the amounts due under Paragraph (64) herein;

     k.  Costs and disbursements related to this action;

     l.  Interest on all amounts from and after the date of judgment at the legal rate; and

     m.  Attorneys' fees pursuant to the Declaration, RCW 64.34.364, RCW 64.34.455, RCW 19.86.020 and pursuant to the sales agreements.

2.     Against Does 25 through 50 for damages according to proof for:

     a.     Breach of their express warranties; and

     b.     Breach of their contracts.

3.     For the issuance of a Permanent Injunction under judgment or pre-judgment order, ordering the Developer Defendants to turnover and deliver the Paragraph (49) documents, books and records.

4.     For enforcement of the Court's Permanent Injunction order or judgment through contempt proceedings provided for in RCW 7.40.150 and Chapter 7.21 RCW.

5.     For such other and further relief as the Court may deem just and equitable.

//.

PLAINTIFF'S FIRST
AMENDED COMPLAINT- 16

| Levin & Stein | & | Law Offices of James L. Strichartz |
|---|---|---|
| 200 W. Mercer Street, Suite 511 | | 200 W. Mercer Street, Suite 511 |
| Seattle, Washington 98119 | | Seattle, Washington 98119 |
| Telephone (206) 521-8612 | | Telephone (206) 282-8020 |
| Fax (206) 521-8614 | | Fax (206) 282-5041 |

1    DATED this 12th day of December, 2003.

2    LEVIN & STEIN                              LAW OFFICES OF JAMES L. STRICHARTZ

3

4

5    By:                                        By:
     John O. Siegel, WSBA No. 29866                James L. Strichartz, WSBA No. 8589
6    Richard H. Levin, WSBA No. 26673             Mike Padilla, WSBA No. 26284
7    Attorneys for the Association                Attorneys for the Association

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| Levin & Stein | & | Law Offices of James L. Strichartz |
| --- | --- | --- |
| 200 W. Mercer Street, Suite 511 | | 200 W. Mercer Street, Suite 511 |
| Seattle, Washington 98119 | | Seattle, Washington 98119 |
| Telephone (206) 521-8612 | | Telephone (206) 282-8020 |
| Fax (206) 521-8614 | | Fax (206) 282-5041 |

PLAINTIFF'S FIRST
AMENDED COMPLAINT- 17