05-CV-00388-LTR

- - - - - -

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, a Minnesota
corporation and ST. PAUL
GUARDIAN INSURANCE COMPANY, a
Minnesota corporation,

              Plaintiffs,

    v.

HERBERT CONSTRUCTION, INC., a
Washington corporation, MEADOW
VALLEY, LLC, a Washington
limited liability company;
ROGER and SHELLY HEBERT,
individually and the marital
community thereof; HENRY and
KAREN HEBERT, individually and
the marital community thereof;
ANDRZEJ and ROMA LAWSKI,
individually and the marital
community thereof; JAMES and
ANNE KOSSERT, individually and
the marital community thereof;

              Defendants.

NO. C05-388Z

COURT'S INSTRUCTIONS

DATED this 26th day of September, 2006.

Thomas S. Zilly
United States District Judge

INSTRUCTION NO. 1

## Duty of Jury

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.   These instructions will be in three parts:   first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case.   To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not.   And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.   That means that you must decide the case solely on the evidence before you and according to the law.   You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.   And you must not read into these instructions or anything I may have said or done any suggestion as to what verdict you should return.   That is a matter entirely for you to decide.

INSTRUCTION NO. 2

## Burden of Proof:

## Preponderance of the Evidence

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

## Evidence

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

You have also heard testimony in the form of depositions. This testimony is also evidence from which you are to decide the facts. You should draw no inference from whether these individuals were or were not physically present in court themselves.

Instruction No. 4

Stipulated Facts

For purposes of these instructions, the parties agree that the plaintiffs are St. Paul Fire and Marine Insurance Company and St. Paul Guardian Insurance Company.  For brevity, the instructions will often refer to the plaintiffs collectively as "St. Paul."  The defendants are Hebert Construction, Inc., Meadow Valley, LLC, Roger Hebert and his wife, Henry Hebert and his wife, Andrej Lawski and his wife, and James Kossert and his wife.  For brevity, the instructions will often refer to the defendants collectively as "The Meadow Valley Defendants," to Hebert Construction as "HCI" and to Meadow Valley, LLC as "MVLLC."  For brevity, the instructions will often refer to the Meadow Valley Owner's Association as the "Association."

The parties have agreed, or stipulated, to the following facts.  This means that you should treat these facts as having been proved.  You should consider these facts in addition to those facts which were proved to you at trial.

Relevant facts St. Paul and the Meadow Valley Defendants are prepared to admit:

1.    The Meadow Valley Condominiums are located in Auburn, Washington and consist of 78 dwelling units contained within sixteen separate, detached two-story buildings, each building containing either four or six units, plus a one-story recreation

Instruction No. 4 (page 2)

building, and various landscaped grounds and a parking lot.

2. MVLLC was the developer and "declarant" for the Meadow Valley Condominiums. HCI was the general contractor for construction of the Meadow Valley Condominiums. HCI caused MVLLC to be formed for the purpose of having MVLLC act as developer.

3. Marsh McLennan is an insurance broker who placed insurance protecting HCI, MVLLC, the Association and the Meadow Valley Condominium project.

4. St. Paul Guardian issued policy no. KK08400026, effective January 4, 1999, to January 4, 2000, and extended at HCI's request to February 4, 2000. HCI and MVLLC were named insureds under the St. Paul Guardian policy. As of February 4, 2000, St. Paul Guardian declined to renew this policy.

5. Admiral issued policy no. A00AG08147 effective February 4, 2000, to February 4, 2001. HCI and MVLLC were named insureds under Admiral's policy. Admiral renewed its policy annually until February 4, 2003, as to HCI, and through February 4, 2002, as to MVLLC.

6. St. Paul Fire issued policy no. BC019000003, effective from April 15, 2000, to April 15, 2003. MVLLC was originally the sole named insured under St. Paul Fire's policy. On March 6, 2001, the Association was added as a named insured dating back to April 15, 2000, the date the policy began.

Instruction No. 4 (page 3)

1

2   7.   The Association sued MVLLC on September 5, 2003, alleging

3   among other things that certain defects in the construction of the

4   condominium buildings caused water intrusion and resulting damage.

5   8.   St. Paul received notice of the lawsuit on September 30,

6   2003.   St. Paul accepted a tender of the defense of MVLLC, and

7   issued a reservation of rights letter dated October 29, 2003,

8   agreeing to defend MVLLC.

9

10   9.   On December 30, 2003, MVLLC filed a third-party complaint

11   against HCI in the underlying action.

12   10.   On January 23, 2004, HCI tendered MVLLC's claim to St.

13   Paul.

14   11.   On March 24, 2004, St. Paul accepted HCI's tender and

15   appointed counsel to defend HCI.   On April 27, 2004, St. Paul

16   issued a reservation of rights letter agreeing to defend HCI.

17   12.   On September 22, 2004, St. Paul wrote MVLLC denying

18   coverage under the St. Paul Fire policy, but agreeing to defend

19   MVLLC under the St. Paul Guardian policy effective immediately,

20   subject to a reservation of rights set forth in the letter.

21

22   13.   In April 2005, the Meadow Valley Defendants entered into

23   a $7,200,000 covenant judgment settlement in the underlying action

24   in favor of the Association.

25   14.   Following a reasonableness hearing, the trial court in

26   the underlying action entered judgment against the Meadow Valley

Instruction No. 4 (page 4)

1

2  Defendants for $4,800,000 exclusive of attorneys' fees.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Instruction No. 5

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No. 6

## What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.   Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness' memory;

3.   the witness' manner while testifying;

4.   the witness' interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness' testimony;

6.   the reasonableness of the witness' testimony in light of all the evidence; and

7.   any other factors that bear on believability.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 8

## Opinion Evidence

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 9

## Liability of Corporations

A corporation under the law is a person, but it can only act through its employees, agents, directors, or officers. The law therefore holds a corporation responsible for the acts of its employees, agents, directors, and officers, if but only if those acts are authorized. An act is authorized if it is a part of the ordinary course of employment of the person doing it.

The fact that any of the parties is a corporation or a limited liability company ("LLC") should not affect your decision. All persons are equal before the law, and a corporation or LLC, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

INSTRUCTION NO. 10

1

2  Both the Meadow Valley Owners Association and Meadow Valley,

3  LLC are protected persons under the St. Paul Fire policy.  However,

4  the policy applies separately to each protected person.  Therefore,

5  in considering the language of the St. Paul Fire policy, you should

6  treat Meadow Valley Owners Association and Meadow Valley, LLC as

7  separate persons or organizations for all purposes.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

INSTRUCTION NO. 11

Both Hebert Construction, Inc. and Meadow Valley, LLC are protected persons under the St. Paul Guardian policy.  However, the policy applies separately to each protected person.  Therefore, in considering the language of the St. Paul Guardian policy, you should treat Hebert Construction, Inc. and Meadow Valley, LLC as separate persons or organizations for all purposes.

INSTRUCTION NO. 12

The Meadow Valley Defendants seek to recover compensation from St. Paul for damages allegedly sustained. They assert four (4) separate claims:

1. That St. Paul failed to act in good faith in its handling of the underlying lawsuit the Meadow Valley Owners Association brought against the Meadow Valley Defendants;

2. That St. Paul violated the Washington Consumer Protection Act;

3. That St. Paul failed to pay for property damage under the St. Paul Guardian Policy; and

4. That St. Paul failed to pay for property damage under the St. Paul Fire Policy.

The Meadow Valley Defendants claim that one or more of these acts was a proximate cause of damage. St. Paul denies these claims, and further denies the nature and extent of the damages claimed by the Meadow Valley Defendants.

The foregoing is merely a summary of the claims of the parties. You are not to take the same as proof of the matter claimed unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence. These claims have been outlined solely to aid in your understanding of the issues.

INSTRUCTION NO. 12 (page 2)

The Meadow Valley Defendants assert several claims, each of which is entitled to your separate consideration.  You must decide as to each claim whether the Meadow Valley Defendants are entitled to recover.  The fact that the Meadow Valley Defendants may be entitled to recover on one claim does not mean that they are entitled to recover on another.  Similarly, the fact that they may not be entitled to recover on one claim does not prevent them from recovering on another.

INSTRUCTION NO. 13

### First Claim - Elements - Duty to Act in Good Faith

On their first claim that St. Paul failed to act in good faith in its handling of the underlying lawsuit the Meadow Valley Owners Association brought against the Meadow Valley Defendants, the Meadow Valley Defendants have the burden of proving each of the following three elements on this claim:

1. That St. Paul failed to act in good faith in one of the ways claimed by the Meadow Valley Defendants;

2. That the Meadow Valley Defendants were damaged; and

3. That St. Paul's failure to act in good faith was a proximate cause of the Meadow Valley Defendants' damage.

If you find from your consideration of all of the evidence that each of these elements has been proved, your verdict should be for the Meadow Valley Defendants on this claim. On the other hand, if any of these elements has not been proved, your verdict should be for St. Paul on this claim.

INSTRUCTION NO. 13A

### Insurer's Duty to Act in Good Faith in Defending Subject to a Reservation of Rights

An insurer who, under a reservation of rights, defends a claim against its insured owes a duty of good faith to its insured.  This duty requires the insurer to:

1.  Thoroughly investigate the liability and damage issues related to the claim;

2.  Retain competent defense counsel, who recognize that they represent only the insured and not the insurer, and act accordingly;

3.  Fully inform the insured that the insurer is defending the case subject to a reservation of rights;

4.  Fully inform the insured of all developments relevant to the policy coverage and the progress of the claim against the insured; and

5.  Refrain from conduct that would demonstrate a greater concern for the insurer's monetary interest than for the insured's financial risk.

An insurer who fails to fulfill any of these duties fails to act in good faith.

INSTRUCTION NO. 13B

An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

In proving that an insurer failed to act in good faith, an insured must prove that the insurer's conduct was unreasonable, frivolous, or unfounded. The insured is not required to prove that the insurer acted dishonestly or that the insurer intended to act in bad faith.

An insurer may breach its duty of good faith whether or not there is coverage under the policy. It is for you to decide under all the circumstances whether St. Paul breached its duty of good faith in this case.

INSTRUCTION NO. 13C

## Insurer Duty to Investigate and Explore Settlement

An insurer has a duty to act in good faith in dealing with its insureds.  This duty requires an insurer to diligently investigate and evaluate claims against its insured.

The duty of good faith requires an insurer to:

1.    Perform a reasonable investigation and evaluation of a claim against its insured;

2.    If its investigation discloses a reasonable likelihood that its insured may be liable, make a good faith effort to settle the claim.  This includes an obligation at least to conduct good faith settlement negotiations sufficient to ascertain the most favorable terms available and make an informed evaluation of the settlement demand; and

3.    Timely communicate its investigations and evaluations, and any settlement offers, to its insured.

An insurer who fails to fulfill any of these duties fails to act in good faith.

INSTRUCTION NO. 13D

"Proximate cause" means a cause which in direct sequence produces the injury complained of and without which such injury would not have happened.

There may be more than one proximate cause of an injury.

INSTRUCTION NO. 14

### Second Claim – Elements of a Violation of the Consumer Protection Act

The Meadow Valley Defendants claim that St. Paul has violated the Washington Consumer Protection Act.   To prove this second claim, the Meadow Valley Defendants have the burden of proving each of the following elements:

1.    St. Paul engaged in an unfair or deceptive act or practice;

2.    The act or practice occurred in the conduct of St. Paul's trade or commerce;

3.    The act or practice affected the public interest;

4.    The Meadow Valley Defendants were injured in either their business or their property; and

5.    St. Paul's act or practice was a proximate cause of the injury.

If you find from your consideration of all of the evidence that each of these elements has been proved, your verdict should be for the Meadow Valley Defendants on this claim.   On the other hand, if any of these elements has not been proved, your verdict should be for St. Paul on this claim.

INSTRUCTION NO. 14A

1

2    The following regulations of the Washington Insurance

3  Commissioner constitute unfair methods of competition and unfair or

4  deceptive acts or practices in the business of insurance:

5    Failing to adopt and implement reasonable standards for the

6  prompt investigation of claims arising under insurance policies.

7    Failing to affirm or deny coverage of claims within a

8  reasonable time after proof of loss statements have been completed.

9

10    Not attempting in good faith to effectuate prompt, fair, and

11  equitable settlements of claims in which liability has become

12  reasonably clear.  If two or more insurers are involved, they

13  should arrange to make such payment, leaving to themselves the

14  burden of apportioning it.

15    Failing to promptly provide a reasonable explanation of the

16  basis in the insurance policy in relation to the facts or

17  applicable law for denial of a claim or for the offer of a

18  compromise settlement.

19

20

21

22

23

24

25

26

INSTRUCTION NO. 14B

1       Reasonableness Defense to Consumer Protection Act Claim

2

3           The Consumer Protection Act does not prohibit acts or

4   practices that are reasonable in relation to the development and

5   preservation of business or that are not injurious to the public

6   interest.

INSTRUCTION NO. 14C

1

2    If you find that St. Paul is liable to the Meadow Valley

3  Defendants on their first claim for failure to act in good faith,

4  then you must find that the first three elements of their second

5  claim, under the Consumer Protection Act, have also been proven.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

INSTRUCTION NO. 14D

## Public Interest Element in Consumer Disputes

In deciding whether St. Paul's acts or practices "affect the public interest," you may consider the following factors, among other things:

1. whether the acts or practices were done in the course of St. Paul's business;

2. whether the acts or practices were part of a pattern or general course of conduct of business;

3. whether St. Paul did similar acts or practices prior to the act or practice involving HCI and Meadow Valley Defendants;

4. whether there is a real and substantial potential for repetition of St. Paul's conduct after the act involving the Meadow Valley Defendants; or

5. If only one transaction is complained of, whether many customers were affected or likely to be affected by it.

In reaching your decision you are not required to find any one particular factor, nor are you limited to considering only these factors.

INSTRUCTION NO. 14F

<u>Unfair or Deceptive Act or Practice</u>

In order to prove that St. Paul engaged in an unfair or deceptive act or practice, it is sufficient to show that the act or practice had the capacity to deceive a substantial portion of the public.   The Meadow Valley Defendants do not need to show that the act or practice was intended to deceive.

INSTRUCTION NO. 14F

## Injury in Consumer Protection Act Claim

The Meadow Valley Defendants have suffered an "injury" if their business or property has been injured to any degree. Under the Consumer Protection Act the Meadow Valley Defendants have the burden of proving that they have been injured, but no monetary amount need be proven and proof of any injury is sufficient, even if expenses and losses caused by the violation are minimal.

INSTRUCTION NO. 14G

Causation in Consumer Protection Act Claim

The Meadow Valley Defendants have the burden of proving that St. Paul's unfair or deceptive act or practice was a proximate cause of the Meadow Valley Defendants' injury.

"Proximate cause" means a cause which in direct sequence produces the injury complained of and without which such injury would not have happened.

There may be more than one proximate cause of an injury.

INSTRUCTION NO. 14H

Trade or Commerce

The business of insurance constitutes "trade or commerce" in Washington.   The second element of this claim is therefore established.

INSTRUCTION NO. 15

## Third Claim – St. Paul Guardian Policy

The Meadow Valley Defendants have the burden of proving the amount of property damage that happened during the St. Paul Guardian policy.

INSTRUCTION NO. 15A

## Property Damage

The Meadow Valley Defendants have the burden to prove property damage as defined in the applicable policy of insurance.

The St. Paul Guardian policy defines "property damage" as "physical damage to tangible property of others, including all resulting loss of use of that property" and "loss of use of tangible property of others that isn't physically damaged."

INSTRUCTION NO. 15B

## Affirmative Defenses

St. Paul has the burden to prove any property damage was excluded under the terms of the applicable policy of insurance.

A.   YOUR WORK.

The St. Paul Guardian policy excludes coverage for property damage to completed work if the work was performed by the Meadow Valley Defendants.  There is an exception to that exclusion if the completed work was done for the Meadow Valley Defendants by others (i.e., subcontractors).  Accordingly, you should exclude from the total recovery of the Meadow Valley Defendants any property damage you find was caused by work performed directly by any of the Meadow Valley Defendants, but not any property damage you find was caused by work performed by others.

B.   COMPLETED WORK.

The St. Paul Guardian policy further limits coverage to "your completed work," which is defined as:

> Your work that is complete at the earliest of the following times, including work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete:
>
> • When that part of the work at the work site has been put to its intended use by any person or organization, other than another contractor or subcontractor working on the same project.

INSTRUCTION NO. 15B (page 2)

The Court has ruled in this case and you must find that only buildings 7, 8, 15, and 16 constituted completed work during the term of the St. Paul Guardian policy, which was in effect from January 4, 1999, through February 4, 2000.

In addition, you should exclude from recovery any damage to buildings 7, 8, 15, and 16, which occurred during the course of construction.

INSTRUCTION NO. 16

Fourth Claim - St. Paul Fire Policy

In the declaratory judgment aspects of this case, the court has determined that there is no coverage under the primary portion of the St. Paul Fire policy.  However, the court has not yet determined whether or not there is coverage under the umbrella portion of the St. Paul Fire policy.  Therefore, you are being asked to decide the other issues related to the Meadow Valley Defendants' fourth claim, in the event there is coverage under the umbrella portion of the policy.

Whether or not there is coverage under any portion of the St. Paul Fire policy should have no bearing on your deliberations as to the other claims of the Meadow Valley Defendants.  For purposes of deciding the other claims, you should assume there is no coverage under the St. Paul Fire policy.  However, you must decide the amount of any property damage that happened within the St. Paul Fire Policy period.  I have ruled that it is improper for the lawyers to argue that there either is or is not bad faith conduct or a Consumer Protection Act violation based on how the court has ruled or might rule on the issue of whether there is coverage under the St. Paul Fire policy.

The Meadow Valley Defendants have the burden of proving the amount of property damage under the St. Paul Fire policy.

INSTRUCTION NO. 16A

## Property Damage

The Meadow Valley Defendants have the burden to prove property damage as defined in the applicable policy of insurance.

The St. Paul Fire policy defines "property damage" as "physical damage to tangible property of others, including all resulting loss of use of that property" and "loss of use of tangible property of others that isn't physically damaged."

INSTRUCTION NO. 16B

## Affirmative Defenses

St. Paul has the burden to prove any property damage was excluded under the terms of the applicable policy of insurance.

YOUR WORK

The St. Paul Fire policy excludes coverage for property damage to completed work if the work was performed by the Meadow Valley Defendants.  There is an exception to that exclusion if the completed work was done for the Meadow Valley Defendants by others (i.e., subcontractors).  Accordingly, you should exclude from the total recovery of the Meadow Valley Defendants any property damage you find was caused by work performed directly by any of the Meadow Valley Defendants, but not any property damage you find was caused by work performed by others.

INSTRUCTION NO. 17

Marsh McLennan (including its employee Edith Jacks) was the agent of both St. Paul and MVLLC (its principals) when Marsh was seeking condominium owners' association coverage for MVLLC from St. Paul in 2000.   The knowledge of an agent gained while acting within the scope of authority of the agency is imputed to a principal.

INSTRUCTION NO. 18

## Measure of Damages

It is the duty of the court to instruct you as to the measure of damages.  By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for the Meadow Valley Defendants on any claim, you must determine damages related to that claim.

The burden of proving damages rests with the Meadow Valley Defendants and it is for you to determine, based upon the evidence, whether any particular item of damage has been proved by a preponderance of the evidence.  You must be governed by your own judgment, by the evidence in the case, and by these instructions, rather than by speculation, guess, or conjecture.

INSTRUCTION NO. 18A

## Measure of Damages - First Claim

If you find for the Meadow Valley Defendants on their first claim that St. Paul failed to act in good faith, your verdict must be in the amount of the $4,800,000 covenant judgment approved by the court in the underlying lawsuit.

INSTRUCTION NO. 18B

## Measure of Damages – Second Claim

     If you find for the Meadow Valley Defendants on their second claim under the Consumer Protection Act, you should award damages to the Meadow Valley Defendants for business and property injury proximately caused by St. Paul.

INSTRUCTION NO. 18C

## Measure of Damages - Third Claim

The Meadow Valley Defendants have the burden to prove property damage as defined in the St. Paul Guardian policy of insurance. St. Paul has the burden to prove any property damage was excluded under the terms of the policy.

Only buildings 7, 8, 15, and 16 constituted completed work during the term of the St. Paul Guardian policy. You may award damages only for property damage to these buildings that occurred between January 4, 1999, and February 4, 2000.

INSTRUCTION NO. 18D

## Measure of Damages - Fourth Claim

The Meadow Valley Defendants have the burden to prove property damage as defined in the St. Paul Fire policy of insurance. St. Paul has the burden to prove any property damage was excluded under the terms of the policy.

INSTRUCTION NO. 18E

Meadow Valley Defendants seek recovery against St. Paul on more than one claim.  If you find that the Meadow Valley Defendants are entitled to recover on more than one claim, you should indicate the total damages awarded for each claim.  Do not be concerned about the possibility of double recovery, as the Court will correct for any duplication of damages you might award so that the Meadow Valley Defendants under no circumstances would collect a double recovery.

INSTRUCTION NO. 19

Charts and Summaries Not Received in Evidence

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 20

Charts and Summaries in Evidence

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. 21

## Deliberation

Upon retiring to the jury room for your deliberations, first select a presiding juror. The presiding juror shall see that your discussion is sensible and orderly, that you fully and fairly discuss the issues submitted to you, and that each of you has an opportunity to be heard and to participate in the deliberations on each question before the jury.

You will be given the exhibits admitted in evidence and these instructions. You will also be given a special verdict form that consists of several questions for you to answer. You must answer the question in the order in which they are written, and according to the directions on the form. It is important that you read all the questions before you begin answering, and that you follow the directions exactly. Your answer to some questions will determine whether you are to answer all, some, or none of the remaining questions.

During your deliberations, you may discuss any notes that you have taken during the trial, if you wish. You have been allowed to take notes to assist you in remembering clearly, not to substitute for your memory or the memories or notes of other jurors. However, do not assume that your notes are more or less accurate than your memory.

INSTRUCTION NO. 21 (page 2)

You will need to rely on your notes and memory as to the testimony presented in this case.  Testimony will rarely, if ever, be repeated for you during your deliberations.

In order to answer any question on the special verdict form, eleven jurors must agree upon the answer.  It is not necessary that the jurors who agree upon the answer be the same jurors who agreed on the answer to any other question, so long as eleven jurors agree to each answer.

When you have finished answering the questions according to the directions on the special verdict form, the presiding juror must sign the form, whether or not the presiding juror agrees with the verdict.  The presiding juror will then tell the bailiff that the jury has reached a verdict, and the bailiff will bring you back into Court where your verdict will be announced.

INSTRUCTION NO. 22

## Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

INSTRUCTION NO. 23

Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a verdict by agreement of at least eleven members or have been discharged.

If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.

INSTRUCTION NO. 24

Verdict

After you have reached agreement on a verdict, your presiding juror will fill in, date, and sign the verdict form and advise the court that you have reached a verdict.