IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, et al.,<br><br>Plaintiff,<br><br>v.<br><br>HEBERT CONSTRUCTION, INC., et al.,<br><br>Defendants. | No. C05-0388-TSZ<br><br>ADMIRAL INSURANCE COMPANY'S MOTION TO LIMIT SCOPE OF REASONABLENESS HEARING<br><br>NOTE ON MOTION CALENDAR: OCTOBER 20, 2006<br><br>ORAL ARGUMENT REQUESTED |
| ADMIRAL INSURANCE COMPANY,<br><br>Third Party Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY, et al.,<br><br>Third Party Defendant. | |

## I. INTRODUCTION AND RELIEF REQUESTED

Admiral Insurance Company ("Admiral") respectfully requests the entry of an order limiting the scope of the reasonableness hearing with respect to American Economy Insurance Company's ("AEIC") settlement. Admiral appreciates that this Court has equitable power to

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 1
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008

enter a claims bar order. However, any claims bar order should not extend to Admiral's right to equitable contribution for defense costs. Admiral and St. Paul each paid approximately $400,000 to defend MVLLC and HCI in the underlying action. In addition, the underlying stipulated judgment included $1.6 million in taxed costs, bringing the total amount of defense costs to well over $2 million. AEIC has yet to contribute a single nickel to these sums.

This Court has already determined that AEIC had a primary duty to defend MVLLC and HCI in the underlying litigation. Despite this duty, AEIC abandoned its insureds and left the other carriers to foot the entire defense bill. Under Washington law, an insurer's equitable obligation to its coinsurer to share in the costs of the defense is separate and distinct from an insurer's contractual obligation to its insureds. Because these rights are independent, Admiral's right to contribution for AEIC's fair share of the defense costs cannot be settled away by AEIC or the insureds, regardless of whether the AEIC settlement is reasonable. It is Admiral's position that AEIC's settlement is unreasonable on its face. That notwithstanding, the reasonableness of the AEIC settlement should have no bearing on AEIC's obligation to share in the defense of its mutual insureds. Recently found case law and fundamental fairness compel this conclusion.

## II. STATEMENT OF FACTS

### A.   Admiral Participated in the Defense of MVLLC and HCI.

MVLLC and HCI tendered the defense of the underlying matter to multiple carriers, including Admiral, St. Paul and AEIC. *See* Admiral's Amended Answer at ¶134 (Document No. 50). Admiral stepped up to the plate and defended MVLLC and HCI under a reservation of rights. *See* Admiral's Amended at ¶101 (Document No. 50). AEIC refused to defend MVLLC and HCI based on its unilateral determination that its policies were excess over other available insurance. *See* Ex. 1 to Weigel Decl. (Document No. 73). Meanwhile, both Admiral and St. Paul

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 2
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008

paid hundreds of thousands of dollars to defend MVLLC and HCI in the underlying action. *See* Ex. 1 to Junfola Decl.

### B.     AEIC Enters Eleventh Hour Settlement.

On April 5, 2005, the defendants in the underlying action entered into a Settlement Agreement, Mutual Release, Assignment of Rights and Claims and Covenant not to Execute with the Association in the amount of $7.2 million ($4.8 for costs of repair and $2.4 for attorney fees). *See* Exs. 38 and 41 to Gibson Decl. (Document No. 92). On the eve of a hearing before Judge White to determine the settlement's reasonableness, AEIC and various other insurers entered into a settlement agreement with the Association, as assignee for the Meadow Valley defendants, in the amount of $115,000. *See* Ex. C to Knowles Decl. (Document No. 60). It is unclear what portion of the $115,000 settlement was paid by AEIC. *See* Ex. C to Knowles Decl. (Document No. 60). Judge White ultimately determined that the attorney fee portion of the $7.2 million settlement was unreasonable, and entered a Stipulated Judgment for the reduced amount of $6.4 million ($4.8 for costs of repair and $1.6 for attorney fees).[1] *See* Ex. B to Knowles Decl. (Document No. 60).

### C.     This Court Determined AEIC Had a Primary Obligation to Defend and Indemnify MVLLC and HCI.

AEIC and Admiral recently filed cross-motions for summary judgment concerning whether AEIC was entitled to a claims bar order and whether AEIC had a primary obligation to defend and indemnify MVLLC and HCI. This Court determined that AEIC did indeed have a primary duty to defend and indemnify MVLLC and HCI in the underlying action, but did not

---

[1] This Court determined that the $1.6 million in attorney fees did not fall under the category of indemnity damages, but rather constituted "costs taxed" within the meaning of the St. Paul policies. *See* Order dated September 7, 2006 (Document No. 141). The Admiral policy and the AEIC policies contain similar language. *See* Ex. 1 to Duany Decl. (Document No. 62); Ex. A to Knowles Decl. (Document No. 60).

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 3
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008

decide whether AEIC was entitled to a claims bar order because there was insufficient evidence in the record to make a reasonableness determination. See Order dated July 19, 2006, at pp. 21, 16-17 (Document No. 115).

The Court's July 19, 2006, Order provides in relevant part:

> ...**Admiral argues that the plain language of the AEIC BOP policy obligates AEIC to defend and indemnify upon the occurrence of a "property damage" event**...Admiral maintains that any policy that triggers such obligations immediately is "primary." See Diaz, 143 Wn.2d at 62 ("'Primary insurance' is defined as '[i]nsurance that attached immediately on the happening of a loss.'"). As described above, **Admiral's analysis of the language in both policies is correct.** AEIC does not offer any alternative definition of "primary" insurance coverage, and the "property damage" coverage clause of AEIC's policy is virtually identical to Admiral's policy. **AEIC's contention that its BOP polices were not "primary" is without merit.**
>
> * * *
>
> The Court concludes that **the inability of both AEIC and Admiral to demonstrate that their respective policies are not "primary" results in a presumption that they must share the defense and indemnity costs.** Because this presumption applies, the Court must next address the issue of whether...[AEIC's] $115,000 settlement with MVLLC/HCI precludes a contribution claim by Admiral.

See July 19, 2006, Order at pp.12, 16-17 (Document No. 115) (emphasis added).

Despite its primary obligation to defend MVLLC and HCI, AEIC has not contributed a nickel to the underlying defense expenses. For the reasons that follow, any determination concerning the reasonableness of the AEIC settlement should have no bearing on AEIC's independent obligation to Admiral to share in the costs of defending their mutual insureds.

### III. STATEMENT OF ISSUE

Does the court's equitable power to enter an order barring contribution claims against a settling insurer extend to claims for reimbursement of defense costs where the settling insurer wrongfully refused to defend despite its primary obligation to do so and where the settling insurer left its coinsurers to foot the entire defense bill?

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 4
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008

## IV. EVIDENCE RELIED UPON

1. The Declaration of Joseph Junfola; and

2. The pleadings and papers on file in this action.

## V. ARGUMENT

### A. The Duty to Defend Is Sacrosanct.

Under Washington law, the duty to defend is both independent from and broader than the duty to indemnify. *Viking Ins. Co. v. Hill,* 57 Wn.App. 341, 346, 787 P.2d 1385 (1990). Insurers have a duty to defend *any* complaint alleging facts which, if proven, would render the insurer liable for indemnification of its insured. *Greer v. Northwestern Nat'l Ins. Co.,* 109 Wn.2d 191, 197, 743 P.2d 1244 (1987); *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 486, 687 P.2d 1139 (1984). Most policies require an insurer to defend even if the allegations of a lawsuit are "groundless, false or fraudulent." *Emerson,* 102 Wn.2d at 485-86. Thus, a liability insurer must provide a defense, irrespective of the merits of a claim, if there is, or could be, coverage under the policy. *Id.* at 486; *see also Kirk v. Mount Airy Ins. Co.,* 134 Wn.2d 558, 564, 951 P.2d 1124 (1998) (because the duty to defend is broader than the duty to pay, the former may be triggered even if the insurer is not obligated to cover the loss).

AEIC's primary defense obligation is total. It cannot be diminished by an argument that AEIC's indemnity obligation was somehow limited to Interior Motive's work when AEIC's policy language does not purport to allocate coverage according to fault.[2] *See Equilon Enterprises L.L.C. v. Great American Alliance Ins. Co.,* 132 Wn.App. 430, 439-40, 132 P.3d 758 (2006) (broadly construing similar additional insured endorsement and holding that its purpose is

---

[2] That notwithstanding, the recent trial testimony leaves no doubt that the issues involving tile and grout at the Meadow Valley Condominium Project were indeed significant.

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 5
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008

not to merely protect the additional insured from the negligence of the named insured). The question then becomes whether a trial court's equitable power to enter an order barring contribution claims against a settling insurer extends to claims for defense expenses where, as here, the settling insurer wrongfully refused to defend its insureds when it had a primary obligation to do so, and where the settling insurer left its coinsurers to foot the entire defense bill. Equity requires that this question be answered in the negative.

B.   **Washington Law Recognizes that Coinsurers Have an Equitable Obligation to Share in Defense Expenses.**

Under Washington law, if a coinsurer wrongfully refuses to aid in the defense of its insured and pay its share, the coinsurer who rightfully defended has an action for equitable contribution against the other. *Clow v. National Indemnity Co.*, 54 Wn.2d 198, 207-208, 339 P.2d 82 (1959); *see also Kirkland v. Ohio Casualty Ins. Co.*, 18 Wn.App. 538, 569 P.2d 1218 (1977) (recognizing that insurers should contribute on a pro rata basis when they insure the same property and the same interest against the same risk); *Perez Trucking, Inc. v. Ryder Truck Rental, Inc.*, 76 Wn.App. 223, 234, 886 P.2d 196 (1994) (recognizing that concurrent primary insurers have a duty to share defense costs). Moreover, an insurer cannot escape liability for defending its insured based on a unilateral and incorrect determination that its coverage is excess over that of another carrier. The decision in *Western Pacific Insurance Company v. Farmers Insurance Exchange,* 69 Wn.2d 11, 46 P.2d 468 (1966), is instructive.

In *Western Pacific,* both Western Pacific and Farmers had a contractual duty to defend Formanek for claims arising out of an automobile accident. Western Pacific accepted its obligations and acted accordingly. Farmers, on the other hand, refused Formanek's tender of the defense based on its unilateral determination that the "other insurance" provision in its policy made it excess over Western Pacific. Western Pacific defended and settled the claims against

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 6
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008

Formanek, and subsequently filed a declaratory judgment action against Farmers. The trial court entered judgment in favor of Western Pacific. On appeal, the Washington Supreme Court recognized that both Western Pacific and Farmers had a contractual obligation to defend Formanek regardless of the existence of other insurance, and stated as follows:

> Farmers could not…stand aloof from the pending lawsuit upon the basis of a unilateral determination that the provisions and exclusions of its policy might relieve it of any liability, and thus escape responsibility for the expenses of the defense of Formanek when liability ultimately came home to roost.

*Id.* at 18.

Like the carriers in *Western Pacific,* both Admiral and AEIC had a contractual duty to defend MVLLC and HCI in the underlying matter. Like Western Pacific, Admiral accepted its obligations, stepped up to the plate and defended MVLLC and HCI. Like the defaulting insurer in *Western Pacific,* AEIC refused MVLLC and HCI's tender based on its unilateral determination that the "other insurance" provision in its policy made it excess over Admiral. It follows that AEIC could not stand aloof from the underlying lawsuit based upon its unilateral determination that its policies were excess and thereby escape responsibility for the expenses of defending MVLLC and HCI when liability ultimately came home to roost. Under such circumstances, Washington law provides Admiral, the coinsurer who rightfully defended the insureds, with an action for equitable contribution against AEIC, the coinsurer who wrongfully refused to aid in the costs of MVLLC and HCI's defense. *See Clow,* 54 Wn.2d at 207-208.

C. **Any Claims Bar Order Should Not Extend to Admiral's Claim for Defense Expenses.**

The fact that AEIC paid some portion of $115,000 on the eve of Judge White's reasonableness determination should not absolve it of its independent obligation to Admiral to share in the costs of defending their mutual insureds. Admiral's right to be reimbursed for paying

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 7
(No. C05-0388-TSZ)

**MULLIN LAW GROUP PLLC**
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104
Phone: (206) 957-7007
Fax: (206) 957-7008

more than its fair share of the defense costs belongs to Admiral and Admiral alone. It was neither AEIC's nor the insureds' right to settle away. Extending a claims bar order to Admiral's claim for reimbursement of defense costs would permit an insurer who abandoned its insureds to profit at the expense of the insurer who rightfully stepped up to the plate. This is precisely the type of substantial injustice that the doctrine of equitable contribution was designed to prevent.

No Washington court has published a decision addressing the issue of whether a claims bar order in favor of a settling insurer should apply to contribution claims for defense expenses when the settling insurer failed to pay its fair share and left its coinsurers to foot the entire defense bill. That notwithstanding, the court in *Puget Sound Energy v. Certain Underwriters at Lloyd's, London,* 138 P.3d 1068, 1078-80 (2006), recognized that a claims bar order should not be entered unless the rights of the non-settling insurers are adequately protected. Extending a claims bar order to Admiral's claim for reimbursement of defense expenses would rob Admiral of that protection. Indeed, it would leave Admiral, who rightfully defended MVLLC and HCI, with no recourse for having paid more than its fair share of the defense. Moreover, it would permit AEIC to escape its obligation to share in the costs of defending its mutual insureds and would circumvent public policy requiring carriers to step up to the plate when their duty to defend is triggered. Although there is no Washington decision directly on point, a recent decision from a California Court of Appeal is instructive. *See Employers Ins. Co. of Wausau v. The Travelers Indemnity Co.,* 141 Cal.app.4th 398, 46 Cal.Rptr.3d 1 (2006).[3]

D. **Washington Law Is Consistent with the California Appellate Court's Recent Decision in *Wausau*.**

In *Wausau,* which had yet to be published when the parties briefed their cross-motions for summary judgment on the claims bar issue, several insurers sequentially insured the owner of a

---

[3] A copy of the *Wausau* decision is attached as Exhibit 1.

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 8
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008

manufacturing plant that allegedly released hazardous contaminants at the plant site. In 1997 and 1998, the owner settled with a number of insurers to resolve environmental claims raised in the *Jensen-Kelly* lawsuit. The *Jensen-Kelly* settlements released the settling insurers from any obligation to defend or indemnify the plant owner against past, present and future environmental actions and agreed to indemnify the settling insurers against any claims under their policies, including other insurers' claims for contribution. In return, the settling insurers paid the plant owner $24 million.

Two more lawsuits were filed against the plant owner in 1999 and 2001. Both lawsuits arose out of alleged contamination that emanated from the plant site from 1958 to the present. Wausau was a primary general liability insurer for the plant owner from January 1969 until January 1972. Each of the insurers who participated in the *Jensen-Kelly* settlement also provided the plant owner with primary general liability insurance during the years the contamination allegedly occurred. All of the policies contained a substantially similar duty to defend.

The plant owner tendered the 1999 and 2001 lawsuits to Wausau. Wausau agreed to defend under a full reservation of rights. Wausau subsequently filed an action for declaratory relief and equitable contribution against the settling insurers to recover some of its costs for defending the 1999 and 2001 lawsuits. At trial, the settling insurers' primary contention was that the *Jensen-Kelly* settlement agreements barred Wausau's claims for contribution. The trial court rejected the settling insurers' position and held that Wausau was indeed entitled to equitable contribution for the cost of defending the 1999 and 2001 lawsuits. The appellate court affirmed the trial court's ruling. In so doing, the appellate court looked primarily to *Fireman's Fund Ins. Co. v. Maryland Casualty Co.*, 65 Cal.App.4th 1279, 77 Cal.Rptr.2d 296 (1998), and considered the purpose, application and effect of the equitable contribution doctrine.

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 9
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008

The *Wausau* court recognized that "[w]here two or more insurers' policies cover an insured's liability and one of them bears the defense burden alone, the insurer bearing that burden is entitled to equitable contribution from the nondefending carriers." *Id.* at 403. Relying *Firemen's Fund*, the *Wausau* court stated as follows:

> "Equitable contribution permits reimbursement to the insurer that paid on the loss for the excess it paid over its proportionate share of the obligation, on the theory that the debt it paid was *equally* and *concurrently* owed by the other insurers and should be shared by them pro rata in proportion to their respective coverage on the risk. The purpose of this rule of equity is to accomplish substantial justice by equalizing the common burden shared by coinsurers, and to prevent one insurer from profiting at the expense of others."

*Id.* at 404 (quoting *Fireman's Fund*, 65 Cal.App.4th at 1293). The *Wausau* court echoed *Fireman's Fund's* ruling that an insurer cannot avoid contribution to other insurers by settling with the policy holder because the right of equitable contribution exists independent of the rights of the insured and belongs to each insurer individually. *Id.*

The settling insurers argued that they were insulated from any contribution claim for the defense of the 1999 and 2001 lawsuits because they "bought back" their coverage from the plant owner for $24 million. They also attempted to distinguish *Fireman's Fund* on the grounds that they entered the *Jensen-Kelly* settlements before the 1999 and 2001 actions were filed. The *Wausau* court rejected the settling insurers' arguments, concluding that nothing in the language or reasoning of *Fireman's Fund* suggests that a settling insurer is only responsible for contribution to another for costs of defending cases pending at the time of settlement. As primary carriers, the settling insurers' obligation to their insured was triggered upon the occurrence of a loss or the happening of an event giving rise to liability—namely, the alleged contamination that took place during their respective policy periods. At the time of the loss, each insurer had a potential obligation to defend and indemnify the plant owner against claims that might arise from a toxic

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 10
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008

discharge. The *Wausau* court concluded that the settling insurers' had an equitable obligation to share the cost of that defense regardless of whether they settled with their insured before or after the 1999 and 2001 lawsuits were filed.

The *Wausau* court also rejected the settling insurers' contention that the application of the rule announced in *Fireman's Fund* contravenes public policy by discouraging insurers from settling with their insureds. In so doing, the *Wausau* court stated as follows:

> [B]alanced against the societal interest in encouraging settlements are other public policy interests and the equitable concerns underlying the well-established rule of contribution between insurers. As stated in *Fireman's Fund*, "the reciprocal contribution rights of coinsurers who insure the same risk are based on the equitable principle that the burden of indemnifying and defending the insured with whom each has independently contracted should be borne by all the insurance carriers together, with the loss equitably distributed among those who share liability for it in direct ration to the proportion each insurer's coverage bears to the total coverage provided by all the insurance policies."…[The settling insurers] provide no authority for their ipse dixit claim that policies favoring the encouragement of settlements militate a rule that would permit a coinsurer to evade its share of the defense burden by separately settling with its insured. Nor is there evidence before us that the *Fireman's Fund* rule in fact discourages settlement. Here, [the settling insurers] settled with their insurer [sic] and anticipated the possibility they could be held liable for contribution. They included in the settlement agreements provisions that require [the plant owner] to indemnify them for such claims. The trial court considered the import of the settlements between [the settling insurers] and their mutual insured upon this claim for contribution, and in the circumstances determined that contribution would be allowed "to the amount of primary coverage" that was available under the policies…[T]hat is exactly what the trial court was required to do.

*Id.* at 406 (citations omitted).

Both *Fireman's Fund* and *Wausau* recognize the inequity of allowing an insurer to escape its equitable obligation to share the costs of the defense with its coinsurer simply by settling its contractual obligation to its insured. Washington and California law are in accord with respect to the proposition that an insurer's equitable obligation to its coinsurer is independent of its contractual obligation to its insured. *Clow v. National Indemnity Co.*, 54 Wn.2d 198, 339 P.2d 82

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 11
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104
Phone:  (206) 957-7007
Fax:  (206) 957-7008

(1959) (holding that when a coinsurer breaches its contract with its insured by wrongfully refusing to aid in the defense and to pay its share, the coinsurer who rightfully pays has a right of contribution against the other); *Kirkland v. Ohio Casualty Ins. Co.*, 18 Wn.App. 538, 569 P.2d 128 (1977) (coinsurers should contribute on a pro rata basis when they insure the same property and the same interest against the same risk); *Perez Trucking, Inc. v. Ryder Truck Rental, Inc.*, 76 Wn.App. 223, 234, 886 P.2d 196 (1994) (recognizing that concurrent primary insurers have a duty to share defense costs). Whether or not it was reasonable for AEIC to pay some portion of $115,000 for a release of its contractual obligations to MVLLC and HCI is therefore irrelevant to the issue of whether Admiral is entitled to equitable contribution for the costs it expended in defending MVLLC and HCI in the underlying action.

On July 19, 2006, this Court found that AEIC had a primary obligation to defend MVLLC and HCI in the underlying action. *See* July 19, 2006, Order at pp. 12, 16-17 (Document No. 115). In light of AEIC's independent obligations to its coinsurers, that ruling should be sufficient to establish Admiral's entitlement to equitable contribution from AEIC for its fair share of the underlying defense costs.[4] Any application of a claims bar order to the defense cost portion of Admiral's equitable contribution claim would fail to adequately protect Admiral's rights and would result in a windfall to AEIC. Consequently, any reasonableness determination should be limited to Admiral's equitable contribution claim for indemnity expenses, and should not extend to its equitable contribution claim for defense expenses.

## VI. CONCLUSION

The purpose of the doctrine of equitable contribution is to prevent one insurer from profiting at the expense of others. Because this Court has already recognized AEIC's primary

---

[4] The issue of allocation of the defense costs will need to be addressed separately.

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 12
(No. C05-0388-TSZ)

**MULLIN LAW GROUP PLLC**
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008

obligation to defend MVLLC and HCI, Admiral is entitled to reimbursement of AEIC's fair share of the defense expenses regardless of the reasonableness of the AEIC settlement. Accordingly, any claims bar order should only apply to indemnity expenses, and should not extend to defense expenses.

DATED: October 3, 2006.

MULLIN LAW GROUP PLLC

/s/ Daniel F. Mullin
Daniel F. Mullin, WSBA #12768
Tracy A. Duany, WSBA #32287
Attorneys for Admiral Insurance Co.

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 13
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104
Phone:  (206) 957-7007
Fax:  (206) 957-7008

# CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2006, I electronically filed the following:

- Admiral Insurance Company's Motion to Limit Scope of Reasonableness Hearing;

- The Declaration of Joseph Junfola; and

- Certificate of Service

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Attorneys for Hebert Construction, Inc., Meadow Valley, LLC, Roger and Shelly Hebert, Henry and Karen Hebert, Andrzej and Roma Lawski, James and Anne Kossert*

Kenneth Hobbs
601 Union Street, Suite 3100
Seattle, WA 98101-1374

*Attorneys for St. Paul Fire and Marine Insurance Company and St. Paul Guardian Insurance Company:*

Stephanie Andersen
Gordon & Polscer, LLC
1000 Second Avenue, Suite 1500
Seattle, WA 98104

*Attorneys for Defendants Safeco/American Economy*

William Knowles
Cozen & O'Connor
1201 Third Avenue, Suite 4200
Seattle, WA 98101

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 14
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008

MULLIN LAW GROUP PLLC


By: /s/ Daniel F. Mullin
Daniel F. Mullin, WSBA No. 12768
Tracy A. Duany, WSBA No. 32287
Attorneys for Admiral Insurance Co.
315 Fifth Avenue S., Suite 1000
Seattle, Washington 98104
Telephone: (206) 957-7007
Facsimile: (206) 957-7008
Email: dmullin@mullinlawgroup.com

ADMIRAL'S MOTION TO LIMIT SCOPE OF
REASONABLENESS HEARING - 15
(No. C05-0388-TSZ)

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Phone: (206) 957-7007
Fax: (206) 957-7008